IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENN J. MORRISON, M.D.,** | : | **Civil No. 1:18-CV-1125** |
| **Plaintiff** | : | |
| v. | : | |
| **PATRICK MCDONNELL,** **Secretary, Dept. of Environmental Protection, Commonwealth of Pennsylvania, in his official capacity,** | : | |
| **Defendant** | : | **Judge Sylvia H. Rambo** |

# **M E M O R A N D U M**

In this Section 1983 civil rights action, Plaintiff Glenn J. Morrison, M.D. ("Plaintiff") has sued Defendant Patrick McDonnell ("Defendant"), the Secretary of the Pennsylvania Department of Environmental Protection ("DEP"), pursuant to 42 U.S.C. § 1983 and 33 U.S.C. § 1251 *et seq.* for alleged violations of his constitutional rights under the Ninth and Fourteenth Amendments. Plaintiff alleges that DEP has allowed the salvage yard, on an adjacent property to Plaintiff, to operate without a storm water management system, which damaged Plaintiff's property and caused "financial and mental and emotional losses and the loss of the use and enjoyment" of his property. (Doc. 1, p. 4.) Presently before the court is Defendant's motion to dismiss the complaint. (Doc. 8.) For the reasons that follow, the motion will be granted.

I. **Background**

   A. **Procedural History**

Proceeding in this matter *pro se*, Plaintiff filed this action on June 6, 2018, naming Defendant in his official capacity as the Secretary of DEP. (Doc. 1, p. 1.) On June 28, 2018, Defendant filed a motion to dismiss the complaint (Doc. 8), and then filed on July 28, 2018 a brief in support of the motion.[1] (Doc. 9.) Plaintiff filed a brief in opposition on July 25, 2018. (Doc. 10.) On August 6, 2018, Defendant filed a reply brief in further support of the motion. (Doc. 11.) The matter is thus fully briefed and ripe for disposition.

   B. **Facts**

The following facts are taken as true for the purposes of the motion to dismiss. On December 9, 2015, DEP issued a permit to Insurance Auto Auctions, Inc.[2] to operate an automobile salvage yard at the parcel of land known as 10 Auction Dr., York Springs, Pennsylvania. (Doc. 9, Ex. A.) The parcel at 10 Auction Dr. is an adjoining lot to the Plaintiff's land. (Doc. 1, ¶ 3.) Plaintiff alleges that DEP has allowed the salvage yard to operate without a storm water management system, resulting in damage to his property in violation of the Clean Water Act 33 U.S.C. §

---

[1] Defendant moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

[2] The company was not named as a party to this action.

1251 *et seq.*, without public hearings or notification to the adjoining property owners. (*Id.* at ¶¶ 2-3.) Plaintiff claims that the lack of a storm water management system has caused erosion and created gullies, washed away topsoil, and allowed pollutants from the salvaged cars to enter the water table with a "high probability" that it will pollute his well. (*Id.* at ¶ 4.) Although best management practices were installed on both parcels of land, they failed to "remedy the situation." (*Id.* at ¶ 3.)

In a November 27, 2017 letter to the Secretary of DEP, Plaintiff outlined his concerns over the alleged Clean Water Act violations and requested that the Department conduct an investigation. (Doc 10, Ex. A.) In response, Plaintiff received a letter dated December 18, 2017 from a regional director of the Department addressing his concerns. (Doc. 10, Ex. B.)

Without specifically elaborating as to how Defendant's actions violated his constitutional rights, Plaintiff requests that the court provide him relief by issuing:

1) Injunctive relief ordering the salvage yard to cease operations until safeguards are in place;

2) An order for the salvage yard to lay an impervious surface to prevent groundwater pollution;

3) Removal of all fluids from the salvaged cars prior to them being moved;

4) Minimization of further erosion on adjoining properties;

5) Establishment of safeguards to address future problems that may affect adjoining properties;

> 6) Monetary relief from the Department of Environmental Protection so the landowners can be made whole for all damages that have been sustained and will be incurred due to the operations of the salvage yard.[3]

(Doc 1, ¶ 4)

## II. Legal Standard

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that the court must view a *pro se* litigant's complaint under a lenient standard). Accordingly, the court should construe the complaint liberally, drawing fair inferences and applying the applicable law, irrespective of whether the *pro se* plaintiff has mentioned it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). However, even a *pro se* plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520-21 (quoting *Conley v. Gibson*, 355 U.S. 41, 45046 (1957)).

### A. Motion To Dismiss Pursuant to Rule 12(b)(1)

"A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." *Vieth v. Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002) (quoting *Ballenger v. Applied Digital*

---

[3] In Plaintiff's brief in opposition to Defendant's motion to dismiss, Plaintiff abandoned his claims involving the Ninth Amendment and violations of the Clean Water Act, and indicates that he no longer seeks monetary relief. (Doc 10, pp. 3-5.)

*Solutions, Inc.,* 189 F. Supp. 2d 196, 199 (D. Del. 2002)). When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006); *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

A motion to dismiss under Rule 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *Mortensen v. First Fed. Da. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A "facial attack" assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction. *Id.* Such a motion should only be granted if it appears with certainty that the court's assertion of jurisdiction would be improper. *Id.*; *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). A "factual attack" argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations are untrue, thereby causing the matter to fall outside the court's jurisdiction. *Mortensen*, 549 F.2d at 891. On a factual attack, the court must evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. *Id.*; *Carpet Grp.*, 227 F.3d at 69.

### B. **Motion To Dismiss Pursuant to Rule 12(b)(6)**

A motion to dismiss for failure to state a claim, filed pursuant to Federal Rule of Procedure 12(b)(6), tests the legal sufficiency of the complaint. *Kost v.*

5

*Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing the motion, a court "may consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (2004). The motion will be properly granted when, taking all well-pleaded factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. *Markowirz v. Ne. Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).

To survive the motion to dismiss for failure to state a claim, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231-32 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, the motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## III. Discussion

### A. Section 1983

Here, Defendant seeks dismissal of the claims against him based on Plaintiff's failure to state a claim upon which relief may be granted under Section 1983 of Title 42 of the United States Code. Section 1983 offers private citizens a means to redress violations of federal law committed by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To establish a claim under this section, a plaintiff must demonstrate that: (1) the conduct complained of was committed by a person acting under color of state law, and (2) said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Although the instant case is filed against Defendant Patrick McDonnell, the complaint itself provides no factual allegations in regards to him aside from the Plaintiff mailing a letter addressed to the Secretary of DEP voicing his concerns. It is well settled in the Third Circuit that to adequately plead a Section 1983 claim, the complaint's allegations must show that each named defendant was personally involved in the alleged constitutional deprivations. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). As the Court of Appeals concluded in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207. Given that the complaint fails to make any allegations against Defendant, the court could dismiss it at this point. However, in light of Plaintiff's *pro se* status, the court will attempt to garner from the complaint those facts which may support a claim.

In the complaint, Plaintiff alleges that DEP entered into an agreement with a landowner and granted a permit on December 9, 2015, to operate a salvage yard. Plaintiff contends that the agreement has allowed for Clean Water Act violations without public hearings or notifications from DEP to the adjoining property owners in violation of his Fifth Amendment Due Process rights. Since Patrick McDonnell is

the Secretary of DEP and presumably the superior to those who negotiated the agreement, the court will infer from the complaint that plaintiff is attempting to hold Defendant liable under a theory of *respondeat superior*. Still, personal involvement must be shown.

A "defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207; *see Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (stating that it is well-established that *respondeat superior* cannot be a basis for Section 1983 liability); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 134 n.10 (3d Cir. 2010) (holding that supervisor liability requires either maintenance of a policy, practice or custom that harms, or participation in, direction of, or acquiescence to subordinates' violations).

Plaintiff has failed to set forth any facts to demonstrate that Defendant was personally involved in the decision to issue the permit or part of any other action which has allegedly impacted Plaintiff's property. Consequently, to the extent that Plaintiff is seeking to hold Defendant liable entirely on a theory of *respondeat superior*, his claims must fail.

### B. Claim Under a Violation of the Fourteenth Amendment

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the

laws." U.S. Const. amend. XIV, §1. According to the complaint, Plaintiff alleges that DEP violated his right to equal protection.

Under the Equal Protection Clause of the Fourteenth Amendment, all similarly situated individuals are to be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Two independent legal theories exist upon which a plaintiff may predicate an equal protection claim: the traditional theory and the class-of-one theory. To state a denial of equal protection under the traditional theory, the plaintiff must allege that, based on membership in a protected class, he received treatment different from others with whom he is similarly situated and that such difference in treatment was the result of intentional discrimination. *See Hassan v. City of N.Y.*, 804 F.3d 277, 294-98 (3d Cir. 2015). Additionally, a plaintiff may make an equal protection claim without being a member of protected class if the plaintiff alleges that the defendant treated him differently from others similarly situated, that the defendant intentionally did so, and that there was no rational basis for such difference in treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). Under either theory, the plaintiff must allege that he was treated differently from other persons who were "similarly situated" to him. *See Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008). In *Hill*, the Third Circuit affirmed the district court's dismissal of the class-of-one equal protection claim because the plaintiff failed to allege the existence of similarly situated individuals

10

who were treated differently. *Hill*, 455 F.3d at 239 (citing *Levenstein v. Salafsky*, 414 F.3d 767, 776 (7th Cir. 2005).

Here, Plaintiff does not assert that he is a member of a protected class; rather, he infers that he falls under the class-of-one. Like in *Hill*, Plaintiff has not alleged the existence of similarly situated individuals in support his class-of-one claim. The class-of-one theory requires that Plaintiff allege the existence of other property owners, adjacent to properties with agreements with DEP, whom Defendant treated differently. By failing to allege the existence of such individuals, and the ways in which they have received different treatment, Plaintiff cannot establish a class-of-one equal protection claim, and therefore, his claim fails.

## IV. Conclusion

For the reasons set forth above, the motion to dismiss will be granted. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 29, 2019